UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **DARRELL DONZELL BURGESS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-00741-RDP-NAD |
| ) | |
| **WARDEN ROLANDA CALLOWAY, et al.,** ) ) ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Petitioner Darrell Donzell Burgess has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On February 10, 2022, the Magistrate Judge entered a Report and Recommendation advising the court to deny Burgess' petition and dismiss the petition with prejudice. (Doc. 11). Although the Magistrate Judge informed Burgess of his right to file objections to the Report and Recommendation within 14 days, the court has not received objections.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation, the court **ADOPTS** the Magistrate Judge's Report and **ACCEPTS** his Recommendation. Accordingly, Burgess' petition for a writ of habeas corpus is due to be denied and dismissed with prejudice.

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).  The court finds Burgess' claims do not satisfy either standard.

The court will enter a separate Final Judgment.

**DONE** and **ORDERED** this March 7, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE